# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE LEVILLE HAMILTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:12CV2067 JCH |
| THERESA COUNTS BURKE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On November 2, 2012, petitioner submitted a petition for writ of mandamus and an "Affidavit of Financial Statement." Petitioner identifies himself as a sovereign person belonging to the Moorish National Republic. In his Affidavit of Financial Statement, petitioner stated:

> I Affirm, for the Record, that I do not have, or possess, any gold or silver coins, as prescribed by United States Constitution Law, which is the lawful money to pay the restricting demands, conditionally commanded by Employees and Contractors of the Court. The said restrictions (unconstitutional) are arbitrarily (hindering Due Process) and imposed for processing these Documents, as stipulated in the United States Constitution noted above. Therefore, I submit this Writ "In Forma Pauperis", being an enjoyment and exercise of my unconditional and Constitutionally - Secured Rights (and not a feudal - fee - burdened privilege) to timely and speedily enforce Due Process of Law, as noted above.

Under 28 U.S.C. § 1915(a)(1), a person who seeks leave to proceed without payment of the filing fee must submit "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

On November 6, 2012, the Court directed petitioner to comply with the statute. The Court sent petitioner a form motion to proceed in forma pauperis and a financial affidavit, and the Court directed him to fill the forms out and return them to the Court. The Court warned petitioner that if he failed to comply with the Order that the Court would dismiss the action for failure to prosecute.

Petitioner refused, however, to comply with the Order. Petitioner filed a document titled "Affidavit of Fact Writ of Error" on November 13, 2012. In the document, petitioner stated:

> For the Record, On the Record, and Let the Record show, I am a Moorish National Aboriginal, Indigenous Natural Person, and not a nom-de-guerre, straw man or any other artificial corporate construct as written in all CAPITAL LETTERS, by the unclean hands of others. I am Sovereign to this Land and as such, this Administrative Court does not have lawful jurisdiction to hear, present, or pass judgment in any matter concerning my affairs under a quasi criminal non sanctioned tribunal of foreign private law process.
>
> . . .

> **I respectfully, with 'Good Faith', and with Honor, demand free access** to the Court by Right, with said access unhindered. By rightful due process, I submit this 'Affidavit of Financial Statement' and Evidence, and demand that it be processed as it was originally intended and without tampering by any unauthorized persons.

No federal court has ever recognized the sovereign status of the Moorish National Republic or its members. See, e.g., Benton-El v. Odom, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007). Petitioner does not have the authority to bestow sovereign status upon himself and defy the laws of the United States. E.g., United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984).

Rule 41(b) gives the Court authority to dismiss an action for failure to prosecute or for failure to comply with a Court order. In this action, petitioner has both failed to prosecute and has failed to comply with a Court order. As a result, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

Dated this <u>5th</u> day of December, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE